BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK, Esq., SBN 300212
KATHERINE MACELHINEY, Esq., SBN 355532
**BURRIS NISENBAUM CURRY & LACY, LLP**
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Ben.Nisenbaum@bncllaw.com
James.Cook@johnburrislaw.com
Katherine@bncllaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHAN HOANG, Deceased, through his co-successors-in-interest ; NATHAN CASTRONUEVO, individually and as co-successor-in-interest to Decedent NATHAN HOANG ; MANUELA REYES, individually and as co-successor-in-interest to Decedent NATHAN HOANG ; A.F., minor child of Decedent NATHAN HOANG, by and through their Guardian-ad-Litem Cynthia Fernandez ; E.H., minor child of Decedent NATHAN HOANG, by and through their Guardian-ad-Litem Erica Lopez ;<br><br>Plaintiffs<br><br>v.<br><br>CITY OF HAYWARD, a public entity; OFFICER JUSTIN PUETZER, individually and in his capacity as a police officer for the CITY OF HAYWARD; OFFICER JIANG individually and in his capacity as a police officer for the CITY OF HAYWARD; OFFICER LUTZINGER individually and in his capacity as a police officer for the CITY OF HAYWARD; OFFICER MACIAS individually and in his capacity as a police officer for the CITY OF HAYWARD; OFFICER DOMINIC FIANDOR individually and in his capacity as a police officer for the CITY OF HAYWARD; FALCK USA, a | CASE NO.:<br><br><u>COMPLAINT FOR DAMAGES</u><br><br><u>JURY TRIAL DEMANDED</u> |

corporate entity; and "DOES" 1-100, Jointly and Severally,

Defendants.

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code § 52.1, and under the common law of California. It is alleged that these violations and torts were committed during the course and scope of the above-mentioned law enforcement officers' employment with the aforementioned government agencies and "DOES" 1-100.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code §§ 1331 and 1343, confer jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the County of Solano, which is within the judicial district of this Court.

3. Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

5. Decedent, NATHAN HOANG, ("NATHAN HOANG" or "DECEDENT") was an individual residing in the state of California. NATHAN HOANG and each of the Plaintiffs identified in this action are citizens of the United States of America.

6. Plaintiff NATHAN CASTRONUEVO ("PLAINTIFFS") is the adult son and co-successor-in-interest to Decedent NATHAN HOANG. He sues in his individual capacity.

7. Plaintiff MANUELA REYES ("PLAINTIFFS") is the mother of and co-successor-in-interest to Decedent NATHAN HOANG. She sues in her individual capacity.

8. Minor Plaintiff A.F., ("PLAINTIFFS") is the minor child and co-successor-in-interest to Decedent NATHAN HOANG. E.H. sues by and through their Guardian-ad-Litem, CYNTHIA FERNANDEZ.

9. Plaintiff E.H., ("PLAINTIFFS") is the minor child and co-successor-in-interest to Decedent NATHAN HOANG. E.H. sues by and through their Guardian-ad-Litem, ERICA LOPEZ.

10. Defendant CITY OF HAYWARD ( henceforth, "CITY" or "DEFENDANTS") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, Defendant CITY operates the Hayward Police Department. Defendant CITY is being sued directly under Section 1983 for *Monell* violations. At all times herein mentioned, CITY has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the CITY'S Police Department and its tactics, methods, practices, customs, and usage. At all relevant times, CITY was the employer and/or contractor of Defendants and "DOES" 1-100, individually and as peace officers and/or first responders.

11. At all times mentioned herein, Defendant Officer JUSTIN PUETZER ("PUETZER" or "DEFENDANTS") was employed by Defendant CITY as a police officer and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as a police officer for the Defendant CITY.

12. At all times mentioned herein, Defendant OFFICER JIANG ("JIANG" or "DEFENDANTS") was employed by Defendant CITY as a police officer and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as a police officer for the Defendant CITY.

13. At all times mentioned herein, Defendant OFFICER LUTZINGER ("LUTZINGER" or "DEFENDANTS") was employed by Defendant CITY as a police officer and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as a police officer for the Defendant CITY.

14. At all times mentioned herein, Defendant OFFICER MACIAS ("MACIAS" or "DEFENDANTS") was employed by Defendant CITY as a police officer and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as a police officer for the Defendant CITY.

15. At all times mentioned herein, Defendant Officer DOMINIC FIANDOR ("FIANDOR" or "DEFENDANTS") was employed by Defendant CITY as a police officer and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as a police officer for the Defendant CITY.

16. Defendant FALCK USA ("FALCK USA" or "DEFENDANTS") is a private healthcare corporation in Alameda County. At all relevant times, FALCK USA employed paramedics and medical personnel ("DOES" 25-50) who assisted Defendant CITY police officers in detaining and arresting NATHAN HOANG, and injecting him with Versed (A.K.A. "Midazolam"), a chemical restraint which contributed and/or caused NATHAN HOANG's death.

17. Plaintiffs are ignorant of the true names and capacities of Defendants "DOES" 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege that each Defendant so named was employed by Defendants CITY and/or FALCK USA at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants "DOES" 50 through 100 was responsible for the training, supervision, and/or conduct of the Defendants and/or agents of Defendants involved in the conduct herein. Plaintiffs allege that each of Defendants "DOES" 1 through 100 were also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of "DOES" 1 through 100, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

18. Plaintiffs are required to comply with an administrative tort claim requirement under California Government Code Section 910, *et seq*.. On May 6, 2025, Plaintiffs submitted a claim under the CA Tort Claims Act with Defendant CITY. On May 26, 2025, Defendant CITY returned to Plaintiffs a correspondence stating that their claim was insufficiently described under Cal. Gov. Code Section 910, subdivision (f). On June 2, 2025, Plaintiffs submitted an amended

claim, and on June 26, 2025, that amended claim was rejected in full by Defendant CITY. Plaintiffs timely and properly filed a tort claim pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation. Plaintiffs have exhausted all administrative remedies pursuant to California law.

## FACTUAL ALLEGATIONS

19. The incident took place March 12, 2025. The time was approximately 4:00 A.M. The location of the incident was on or near the 100 block of Virginia Street in Hayward, California, 94544. Officers for the Defendant CITY's Police Department and first-responders for Defendant FALCK USA used excessive force that resulted in the death of NATHAN HOANG.

20. NATHAN HOANG was a 41-year-old father, and a veteran of the United States Marines Corps who had served two combat tours of duty in Iraq before he was honorably discharged. NATHAN HOANG suffered with service-connected disabilities including but not limited to Post-Traumatic Stress Disorder ("PTSD"). As a result of this, NATHAN HOANG experienced ongoing episodes during which he would not be able to recognize people or his surroundings, and lacked the ability to distinguish delusion from reality. During such occasions NATHAN HOANG had occasionally entered local homes looking for family members whom he believed were in danger. Aside from the initial intrusion NATHAN HOANG did not further damage or harm any person or property during these episodes.

21. For over fifteen years prior to his death, NATHAN HOANG'S family, including had worked with Defendant CITY's Police Department to help safely recover NATHAN HOANG during these delusional episodes. CITY's Police Department officers, agents, and personnel, including but not limited to Defendant Officers PUETZER, JIANG, MACIAS, LUTZINGER, FIANDOR, and "DOES", knew or should reasonably have been aware of NATHAN HOANG's mental health history and special needs during the incident subject to this lawsuit.

22. On March 12, 2025, at approximately 4:00 A.M., law enforcement officers for Defendant CITY's Police Department, including but not limited to Defendant Officers PUETZER, JIANG, MACIAS, LUTZINGER, FIANDOR, and "DOES" 1-25, responded to a service call about an alleged burglary at a residence on Virginia Street in Hayward, California. The owners of the

home were frightened but unharmed. By the time the CITY police officers arrived at the residence, NATHAN HOANG had exited and was outside in the yard.

23. NATHAN HOANG next left the yard and climbed onto the roof of another residence on the 100 Block of Virginia Street in Hayward, California. Upon information and belief, NATHAN HOANG was forcibly taken down from that roof by some measure of force and/or deployment of tasers or other weapons by Defendant CITY police officers including but not limited to Defendants PUETZER, JIANG, MACIAS, LUTZINGER, FIANDOR, and “DOES” 1-25. NATHAN HOANG survived the fall, but was then tased multiple times and forcibly restrained by Defendant Officers PUETZER, JIANG, MACIAS, LUTZINGER, FIANDOR, and “DOES” 1-25.

24. Next to arrive were Defendants “DOES” 26-50, who at all relevant times were medical personnel employed by Defendant FALCK USA. Medical Defendants “DOES” 26-50 then injected NATHAN HOANG with at least five milligrams of Versed (A.K.A. Midazolam), a chemical restraint, for the purposes of assisting Defendant Officers in arresting NATHAN HOANG. Upon information and belief, FALCK USA employees “DOES” 26-50 failed to conduct a reasonable visual examination of NATHAN HOANG prior to administering the dose of Versed. “DOES” 26-50 also failed to take any precautions to avoid injecting the drug intravenously. NATHAN HOANG became unresponsive a short time after he was injected with the Versed. NATHAN HOANG was then transported in an ambulance owned by Defendant FALCK USA to St. Rose Hospital. He was later transferred to Eden Medical Center in Castro Valley, California.

25. NATHAN HOANG entered into a coma and was successively pronounced brain dead. Upon information and belief this was caused by the injuries inflicted upon NATHAN HOANG from the force deployed by Defendant Officers PUETZER, JIANG, MACIAS, LUTZINGER, FIANDOR, and “DOES” 1-25; combined with and/or from the injection of Versed by Defendant FALCK USA’s medical personnel (“DOES” 26-50).

26. On March 21, 2025, PLAINTIFFS and other loved-ones made the heartbreaking decision to take NATHAN HOANG off life support. Sadly, NATHAN HOANG passed away thereafter.

27. At all material times, each Defendant was jointly-engaged in tortious activity, and was fundamentally involved in, and/or an integral participant to, the events and violations of rights described herein, resulting in the deprivation of PLAINTIFFS' and DECEDENT'S constitutional rights and other harm.

28. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, purposely harmful and/or deliberately indifferent to DECEDENT'S and PLAINTIFFS' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

29. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the United States of America and the State of California.

**DAMAGES**

30. Each Defendant's acts and/or omissions as set forth above proximately caused DECEDENT and PLAINTIFFS to sustain the following injuries and damages, past and future, among others:

a. Wrongful death of DECEDENT;

b. Hospital and medical expenses (Survival claims);

c. Coroner's fees, funeral, and burial expenses (Survival claims);

d. Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support (based on wrongful death and loss of familial association);

e. Violation of Constitutional rights;

f. Pain and Suffering, including emotional distress (based on individual §1983 claims for loss of familial association);

g. DECEDENT'S loss of life, pursuant to federal civil rights law (based on Survival claims and DECEDENT'S federal §1983 claims);

h. DECEDENT'S conscious pain and suffering, pursuant to federal civil rights law (based on Survival claims and DECEDENT'S federal § 1983 claims);

i. All damages, penalties, and attorneys' fees and costs recoverable under 42 USC §§§ 1983, 1988, and 12133 (referencing 42 U.S.C. § 2000e-5(k)); California Civil Code §§ 52, and 52.1, California Code of Civil Procedure §

1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

31. PLAINTIFFS were physically, mentally, emotionally, and financially injured and damaged as a proximate result of DECEDENT'S wrongful death, including, but not limited to, the loss of DECEDENT'S familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. PLAINTIFFS are entitled to recover wrongful death damages pursuant to Cal. Code Civ. P. §§377.60 and 377.61; and Cal. Probate Code §6402(b). In addition to these damages, PLAINTIFFS are entitled to recover for the reasonable value of funeral and burial expenses, pursuant to Cal. Code Civ. P. §§ 377.60 and 377.61.

32. Pursuant to 42 USC §§ 1983 and 1988, and Cal. Code Civ. P. §§ 377.30, 377.32, and 377.34, PLAINTIFFS are further entitled to recover for damages incurred by DECEDENT before he died as the result of being assaulted and battered, for deprivation without due process of Decedent's right to life, and to any penalties or punitive damages to which DECEDENT would have been entitled to recover, had he lived. PLAINTIFFS are further entitled to recover for DECEDENT'S own pain and suffering and emotional distress incurred as a consequence of Defendants' section 1983 violations, preceding DECEDENT'S death for violation of his U.S. Constitutional rights under Section 1983.

33. The conduct of Defendants was malicious, wanton, and oppressive. PLAINTIFFS are therefore entitled to an award of punitive damages against said individual Defendants.

34. PLAINTIFFS found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code § 1988.

## FIRST CAUSE OF ACTION
**(Constitutional Violations of DECEDENT'S Civil Rights)**
**(42 U.S.C. § 1983)**
**(PLAINTIFFS Against ALL DEFENDANTS)**

35. Plaintiffs reallege and incorporate by reference herein all paragraphs of this Complaint.

36. Defendant CITY's police officers and first responders including but not limited to PUETZER, JIANG, MACIAS, LUTZINGER, FIANDOR, and "DOES" 1-100, acted under color of law by killing DECEDENT without lawful justification and subjecting DECEDENT to excessive force, thereby depriving PLAINTIFFS and DECEDENT of certain constitutionally protected rights, including but not limited to:

a. NATHAN HOANG'S right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment to the United States Constitution (survival and wrongful death claims);

b. NATHAN HOANG'S right to be free from excessive and unreasonable force in the course of a seizure, including the use of unlawful excessive and/or deadly force, as secured by the Fourth Amendment to the United States Constitution (survival and wrongful death claims); and

c. NATHAN HOANG'S right to be protected while in custody.

37. Defendant Officers PUETZER, JIANG, MACIAS, LUTZINGER, FIANDOR, and "DOES" 1-25, and FALCK USA medical personnel "DOES" 26-50, acting as integral participants, and under the totality of the circumstances, used, caused the use of, and tolerated the use of a high level of excessive and injurious force against NATHAN HOANG that in fact caused his death. The totality of the force used and tolerated by Defendants was unnecessary, excessive, and deadly. Moreover, none of the Defendants intervened to stop other Defendant CITY police officers and/or FALCK USA medical personnel from using the excessive and illegal force that was evident in front of them.

38. NATHAN HOANG died as a result of the acts and omissions of Defendants PUETZER, JIANG, LUTZINGER, MACIAS, and FIANDOR, and "DOES" 1-50.

39. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of Defendants CITY and FALCK USA.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Violations of PLAINTIFFS' Civil Rights to Familial Relationship)**
**(42 U.S.C. § 1983)**
**(PLAINTIFFS Against ALL DEFENDANTS)**

40. Plaintiffs reallege and incorporate by reference herein all paragraphs of this Complaint.

41. Defendants, acting under color of law, and without due process of the law, deprived PLAINTIFFS of their rights to a familial relationship with DECEDENT by use of unreasonable, unjustified deadly force and violence, causing injuries which resulted in DECEDENT'S death, all without provocation, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

42. DECEDENT experienced issues with mental health. He may not have been able to fully comprehend the situation surrounding his death. He did not injure or threaten to injure anyone around him, despite potentially holding a tool. He did not use or threaten to use violence against any officers or responders.

43. Under the Fourth and Fourteenth Amendments to the United States Constitution, as a pretrial detainee NATHAN HOANG was at all times vulnerable and dependent upon the Defendant CITY, its Police Department, and its deputies, law enforcement agents, and employees including but not limited to Defendant Officers PUETZER, JIANG, LUTZINGER, MACIAS, and FIANDOR, and "DOES" 1-25, as well as Medical Defendants FALCK USA and "DOES" 26-50, who worked as arms of the State in tandem with Defendant Officers to effectuate the arrest of NATHAN HOANG. Defendants correspondingly had special control over NATHAN HOANG's safety and welfare at all relevant times.

44. As a result of DEFENDANTS' actions, PLAINTIFFS lost the familial relationship to their family member and loved one, NATHAN HOANG.

45. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of Defendants CITY and FALCK USA.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(*Monell* – 42 U.S.C. § 1983)**
**(PLAINTIFFS Against Defendants CITY, FALCK USA, and "DOES" 1-100)**

46. Plaintiffs reallege and incorporate by reference herein all paragraphs of this Complaint.

47. Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendants CITY and FALCK-USA had a contractual relationship to provide medical services in response to emergencies involving CITY law enforcement and first responders, and as such at all relevant times FALCK USA and its employees “DOES” 26-50 were acting under color of law to assist Defendant CITY law enforcement personnel to seize and arrest DECEDENT.

48. As a result of the lack of policy and/or guidance from Defendants CITY and/or FALCK USA, Defendants PUETZER, JIANG, MACIAS, LUTZINGER, FIANDOR, and “DOES” 1-50 were unprepared to act constitutionally and lawfully, and/or untrained or improperly trained in the use of force, de-escalation, communication, tactical repositioning, alternatives to force, and responding to special populations including but not limited to people suffering the effects of mental health conditions and/or disabilities.

49. These policies, practices, and/or failures to train in the above described areas were a substantial and moving force in the violation of DECEDENT’S rights as described herein, culminating in his death at the hands of Defendants “DOES” 1-50 and their use of excessive force while failing to properly deescalate and use alternatives to force to detain DECEDENT.

50. Plaintiffs are informed and believe and thereon allege that high-ranking CITY officials, including high-ranking police supervisors “DOES” 50-100, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by its officers and first responders including Defendants PUETZER, JIANG, MACIAS, LUTZINGER, FIANDOR, and “DOES” 1-50, and/or each of them.

51. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants CITY, FALCK-USA, “DOES” 51-100, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers and responders.

52. Plaintiffs are further informed, believe, and thereon allege that as a result of the deliberate indifference and/or reckless and/or conscious disregard of the misconduct by officers and

agents of Defendant CITY's Police Department, including but not limited to Defendants PUETZER, JIANG, MACIAS, LUTZINGER, FIANDOR, "DOES" 1-50, and/or each of them, encouraged these officers and first-responders to continue their course of misconduct. Plaintiffs are further informed and believe and thereon allege that these officers' inadequate training on proper protocols for responding to similar incidents resulted in the violation of DECEDENT'S and PLAINTIFF'S rights as alleged herein.

53. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY officials, including but not limited to "DOES" 51-100, resulted in the deprivation of DECEDENT'S and PLAINTIFFS' constitutional rights including but not limited to the right not to be deprived of life, liberty, or property without due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and the right to be free from excessive force by state actors as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as herein set forth.

**FOURTH CAUSE OF ACTION**
**(Violations of Title II of the Americans with Disabilities Act)**
**(42 U.S.C. § 12132)**
**(PLAINTIFFS Against ALL DEFENDANTS)**

54. Plaintiffs reallege and incorporate by reference herein all paragraphs of this Complaint.

55. DECEDENT was a disabled person. DECEDENT's disabilities substantially limited one or more of his major life activities and/or brain function.

56. On March 12, 2025, DEFENDANTS knew or should have reasonably known that DECEDENT was disabled and/or suffered from mental health episodes. DECEDENT had a long history of interactions with CITY police officers while he was experiencing a disability-related state of confusion or crisis. Plaintiffs are informed, believe, and thereon allege that DECEDENT's mental health episodes were recorded in records that were at all relevant times maintained by and/or accessible to all DEFENDANTS.

57. On March 12, 2025, Defendants misperceived the effects of DECEDENT'S disability as criminal activity. DECEDENT had a history of mental health related episodes in which

he entered stranger's homes looking for his loved ones. DECEDENT as a result of his disability could not distinguish delusions from reality enough to form criminal intent.

58. Defendant CITY police Officers PUETZER, JIANG, MACIAS, LUTZINGER, FIANDOR, and "DOES" 1-25 had the time and the opportunity to assess the situation and potentially employ reasonable accommodations including but not limited to: de-escalation, communication, or specialized help for DECEDENT, but did not do so. Instead, Defendant Officers utilized excessive force to seize and arrest DECEDENT for the alleged crime of burglary. The discriminatory treatment of DECEDENT by PUETZER, JIANG, MACIAS, LUTZINGER, FIANDOR, and "DOES" 1-25 was by the nature of DECEDENT'S disability.

59. Medical defendants FALCK-USA and "DOES" 26-50 also discriminated against DECEDENT because of his disability, and/or excluded DECEDENT from the benefits of governmental services, programs, or activities by failing to conduct a visual examination to assess DECEDENT'S emergency medical needs before they worked in tandem with CITY police officers to chemically restrain DECEDENT. This treatment decision was based on stereotypes of the disabled rather than an individualized inquiry as to the DECEDENT'S conditions. Said conduct by DOES 26-50 was in excess of providing medical treatment for DECEDENT'S own health, safety, and medical benefit.

60. As a result, the deadly force and conduct described herein by DEFENDANTS were acts of discrimination based on DECEDENT'S disabilities.

WHEREFORE, Plaintiffs pray for relief as herein set forth.

## FIFTH CAUSE OF ACTION

**(Wrongful Death )**

**(Cal. Code Civ. P. §§ 377.60 and 377.61)**

**(PLAINTIFFS Against ALL DEFENDANTS)**

61. Plaintiffs reallege and incorporate by reference herein all paragraphs of this Complaint.

62. The wrongful conduct of Defendants PUETZER, JIANG, LUTZINGER, MACIAS, FIANDOR, and "DOES" 1-50, and/or each of their failure to intervene, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons and was a battery,

proximately causing DECEDENT and PLAINTIFFS to suffer injuries and damages as set forth herein.

63. As a proximate result of Defendant's conduct as set forth herein, and the death of DECEDENT, Plaintiffs sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of DECEDENT, in an amount according to proof at trial. As a further actual and proximate result of said Defendants' conduct, Plaintiffs incurred funeral and burial expenses in an amount according to proof at trial.

64. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action and claim damages from DEFENDANTS for the wrongful death of DECEDENT, and the resulting injuries and damages.

65. Pursuant to Government Code Section 815.2(a), Defendants CITY and FALCK USA are vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants and/or failure to intervene.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## <u>SIXTH CAUSE OF ACTION</u>
**(Violation of DECEDENT'S Rights to Enjoy Civil Rights)**
**(Cal. Civ. Code § 52.1)**
**(PLAINTIFFS Against ALL DEFENDANTS)**

66. Plaintiffs reallege and incorporate by reference herein all paragraphs of this Complaint.

67. DEFENDANTS' above-described conduct constituted interference and/or attempted interference with DECEDENT'S peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and State of California, by threats, intimidation, and coercion, in violation of California Civil Code § 52.1.

68. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1, DECEDENT suffered violations of his constitutional rights, and suffered damages as set forth herein.

69. PLAINTIFFS are entitled to treble damages, but in no case less than $4,000, and an award of their reasonable attorneys' fees pursuant to Cal. Civ. Code § 52(a).

70. Under the provisions of Cal. Civil Code § 52(b), Defendants are liable for punitive damages for each violation of Civil Code § 52.1, reasonable attorneys' fees, and an additional $25,000.

71. Under California Government Code Section 815.2(a), Defendants CITY and FALCK USA are vicariously liable to said PLAINTIFFS for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Negligence)**
**(PLAINTIFFS Against ALL DEFENDANTS)**

72. Plaintiffs reallege and incorporate by reference herein all paragraphs of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton and/or oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

73. Defendants PUETZER, JIANG, LUTZINGER, MACIAS, FIANDOR, and "DOES" 1-100 had a duty to use reasonable judgment while interacting with NATHAN HOANG. Said Defendants breached this duty by ignoring DECEDENT'S apparent mental state, crisis indicative behavior, and recorded disability. Said Defendants made little attempt to use verbal communication and de-escalation techniques with DECEDENT and/or failed to pursue alternatives to force before tasing him; and/or failed to conduct a visual examination and/or render medical aid before injecting DECEDENT with Versed (A.K.A. Midazolam) to further restrain him.

74. DEFENDANTS' conduct was not privileged or justified under statute or common law.

75. DEFENDANTS, by and through their respective agents and employees, proximately caused the death of DECEDENT on March 12, 2025, as a result of their negligent conduct and/or negligent failure to act as set forth herein.

76. As an actual and proximate result of said DEFENDANTS' negligence and the death of DECEDENT, PLAINTIFFS have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of DECEDENT, in an amount according to proof at trial.

77. Defendants PUETZER, JIANG, LUTZINGER, MACIAS, FIANDOR, and "DOES" 1-100 were acting within the course and scope of their employment and/or agency with Defendant CITY. As such, Defendants CITY and FALCK USA are liable in *respondeat superior* for the injuries caused by the acts and/or omissions by said Defendants pursuant to California Government Code Section 815.2.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**(Assault and/or Battery)**
**(PLAINTIFFS Against ALL DEFENDANTS)**

78. Plaintiffs reallege and incorporate by reference herein all paragraphs of this Complaint.

79. Defendants PUETZER, JIANG, LUTZINGER, MACIAS, FIANDOR, and "DOES" 1-50, while working in a law enforcement capacity for the Defendants CITY and FALCK USA, placed DECEDENT in immediate fear of severe bodily harm and/or death by violently confronting him, Tasing him, injecting him without his consent with a drug absent a health-care related emergency, and battering him without there being an immediate need to use such force and without any just provocation or cause. Said Defendants' above-described conduct constituted assault and/or battery.

80. Said DEFENDANTS acted maliciously with an intent to batter and/or negligently with deliberate indifference to the medical needs of DECEDENT given that "DOES" 26-50 failed to take the ample opportunity to ensure the injection was necessary and/or administered properly.

81. DEFENDANTS' conduct was not privileged or justified under statute or common law.

82. Defendants PUETZER, JIANG, LUTZINGER, MACIAS, FIANDOR, and "DOES" 1-100 were acting within the course and scope of their employment and/or agency with Defendant

CITY. As such, Defendants CITY and FALCK USA are liable for the injuries caused by the acts and/or omissions by said Defendants pursuant to California Government Code Section 815.2.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**JURY DEMAND**

Plaintiffs hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages according to proof;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. Any and all permissible statutory damages;
4. For reasonable attorney's fees pursuant to 42 U.S.C. §§§1983, 1988 and 12132;
5. For injunctive relief as the court deems appropriate;
6. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants PUETER, JIANG, LUTZINGER, MACIAS, FIANDOR "DOES" 1-100, and/or each of them;
7. For cost of suit herein incurred; and
8. For such other and further relief as the Court deems just and proper.

Dated: September 30, 2025

**BURRIS NISENBAUM CURRY & LACY, LLP.**

/s/ Katherine MacElhiney
Katherine MacElhiney,
Benjamin Nisenbaum,
James Cook,
Attorneys for Plaintiffs